# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MADELINE M. LAMBERT,**

      **Plaintiff,**

**v.**                          **Case No.  8:06-cv-598-T-30TBM**

**CHARLES J. CRIST, JR., et al.,**

      **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendants' Crist, Finklea, Dietz, and Moore's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (Dkt. #14), Plaintiff's Response to Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (Dkt. #15), Defendants' Reply Brief (Dkt. #19), and Plaintiff's Response to Reply Brief (Dkt. #22).[1]  The Court, having reviewed the amended complaint, motion, responses, memoranda, and being otherwise advised in the premises, finds that Defendants' motion should be granted as stated herein.

### <u>Plaintiff's Allegations</u>

Plaintiff, Madeline M. Lambert ("Plaintiff"), brings a five count complaint against Defendants, Charles J. Crist, Jr. ("Crist"), Rosena Finklea ("Finklea"), Robert Dietz ("Dietz"), and Richard Moore ("Moore"), collectively referred to herein as (the

---

[1] The Court notes that Plaintiff requests an oral argument as to Defendant's Motion to Dismiss, however, an oral argument does not appear necessary.

"Defendants") alleging as follows: Count I - Violation of civil rights by Moore pursuant to §42 U.S.C. 1983; Count II - Violation of civil rights by Finklea pursuant to §42 U.S.C. 1983; Count III - Violation of civil rights by MacMillan pursuant to §42 U.S.C. 1983; Count IV - Violation of civil rights by Dietz pursuant to §42 U.S.C. 1983; and Count V - Supervisor Liability Against Crist pursuant to §42 U.S.C. 1983.

In summary, Plaintiff alleges that on January 2, 2005, Moore, a Florida Highway Patrol ("FHP") trooper arrested Plaintiff's brother, Steven Gaudreau, in Manatee County for driving under the influence of alcohol and driving with a suspended license.  Plaintiff was not in the car at the time.  Plaintiff's brother was staying with her and "just took the car." After arresting Gaudreau, Moore seized the car pursuant to Fla. Stat. §932.701, *seq*., and had it towed to a Florida Highway Patrol impound yard.  On January 3, 2005, Plaintiff went to the impound yard and paid the towing charge to release her car.

On January 12, 2005, Moore stopped Plaintiff as she was driving off her property and onto a public highway.  Moore told Plaintiff that her car had been released by mistake, and then he re-seized the vehicle and gave her a notice of seizure.

On February 1, 2005, an adversarial preliminary hearing was held as required under Fla. Stat. §932.703.  Moore testified as to the events surrounding the arrest of Plaintiff's brother and the initial seizure of the car as well as the events relating to the re-seizure of Plaintiff's vehicle.  Moore allegedly testified that FHP's in-house counsel told him to stop Plaintiff's car for a traffic violation and re-seize it.

Plaintiff alleges that Judge Gilner ruled that "FHP failed to establish probable cause for the initial seizure because no evidence of any kind was presented to show Lambert knew or should have known the driver was using her car for an illegal purpose." Accordingly, Judge Gilner ordered FHP to return the car to Plaintiff.

FHP did not release the car but instead, after two unsuccessful motions to stay, filed a notice of appeal. On November 16, 2005, the Second District Court of Appeal of Florida unanimously upheld Judge Gilner's findings and ordered FHP to release the Plaintiff's vehicle and pay Plaintiff's costs and attorney's fees. On February 13, 2006, Judge Dubensky, a successor judge, issued an order awarding certain costs and attorney's fees to Plaintiff.

Plaintiff claims that the re-seizure of her car and its continued impoundment throughout the forfeiture action caused Lambert to suffer restraint of her liberty interests, damage to the car, damage for lost of use of the car, needless delay, undue economic and physical hardship, lost income, aggravation of physical injuries, and emotional and mental distress.

Plaintiff alleges Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures, her Fifth and Fourteenth Amendment due process rights, her corresponding rights under Article 1, Sections 9 and 12 of the Florida Constitution, and the public policy stated in Fla. Stat. §932.704(1).

Defendants argue that Plaintiff has failed to state a claim for which relief may be granted based on the following grounds: (1) Moore and Finklea are entitled to qualified

immunity for the seizure of the vehicle; (2) Dietz is entitled to absolute immunity for assisting MacMillan in the forfeiture proceedings; (3) Crist cannot be held liable as a supervisor under Section 1983; (4) due process was not violated; and (4) the FCFA does not create a private cause of action.

## Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of

the complaint is appropriate.  <u>Marshall County Bd. Of Educ. v. Marshall County Gas Dist.</u>,

992 F.2d 1171, 1174 (11th Cir. 1993).

<u>**Discussion**</u>

## I.     QUALIFIED IMMUNITY.

Under the doctrine of qualified immunity, "government officials performing

discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person should have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>see</u>

<u>also</u> <u>Rich v. Dollar</u>, 841 F.2d 1558, 1563 (11th Cir. 1988).  Qualified immunity protects "all

but the plainly incompetent or those who knowingly violate the law."  <u>Malley v. Briggs</u>, 475

U.S. 335, 341 (1986).  Qualified immunity is a defense not only from liability, but from suit,

which makes it important for a court to ascertain the validity of a qualified immunity defense

as early in the lawsuit as possible.  <u>See</u> <u>Hill v. Dekalb Reg'l Youth Detention Ctr.</u>, 40 F.3d

1176, 1184 (11th Cir. 1994).

### A.     Two-step Analysis.

The test for whether a governmental defendant is entitled to qualified immunity from

liability in his or her individual capacity involves a two-step analysis.  First, the government

official must demonstrate that he was "acting within the scope of his discretionary authority

when the allegedly wrongful acts occurred."  <u>Rich</u>, 841 F.2d 1558, 1562-64.  "Once a

defendant establishes that he was acting within his discretionary authority, the burden shifts

to the plaintiff to show that the defendant is not entitled to qualified immunity." Migut v. Flynn, 131 Fed.Appx. 262, 264 (11th Cir. 2005).

Second, if the government official satisfies his burden, the plaintiff must show that the official's actions violated clearly established constitutional law. See Harbert Int'l., Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998). Under this prong, the court must determine whether the applicable law was clearly established at the time of the challenged action. See Id. The relevant inquiry is "fact specific," and a plaintiff must point to a controlling case, decided before the events at issue, that establishes a constitutional violation on "materially similar" facts. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994); see also Lassiter v. Alabama A & M Univ., Bd. Of Trustees, 28 F.3d 1146, 1150 (11th Cir. 1994). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Absent a controlling and factually on-point case, a plaintiff can overcome qualified immunity only when "the official's conduct lies so obviously at the core" of what the constitutional provision forbids "that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir. 1997).

### B.     Question Of Law.

A district court's decision to grant or deny the defense of qualified immunity is a question of law. See Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001). "It is therefore appropriate for a district court to grant the defense of qualified immunity at the

motion to dismiss stage if the complaint 'fails to allege the violation of a clearly established constitutional right'." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003), quoting Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997).

> **C.      12(b)(6) Motion To Dismiss Standard When Qualified Immunity Is At Issue**.

Generally, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996). However, when the affirmative defense of qualified immunity is raised in a Rule 12(b)(6) motion to dismiss, heightened pleading is required so that the court can evaluate whether the allegedly violated right was clearly established when the allegedly wrongful acts occurred. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992).  As noted by the Eleventh Circuit in GJR Investments, when a government official moves to dismiss a claim on the basis of qualified immunity, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined."  GJR Investments, 132 F.3d 1359, 1366 (11th Cir. 1998); See Wooten v. Campbell, 49 F.3d 696, 699 (11th Cir. 1995).  Even though Rule 8 of the Federal Rules of Civil Procedure generally gives a plaintiff considerable leeway in pleading his case, this heightened pleading requires more detailed allegations, because the court must have more specific information before it to evaluate adequately such a claim on a motion to dismiss.  See GJR Investments, 132 F.3d 1359, 1367.  Consequently, under current Eleventh Circuit law, a plaintiff pursuing a violation of his constitutional rights must

come forward with specific facts, concerning each defendant, indicating that each defendant has not only violated a constitutional right, but a clearly established one.  Id.  Otherwise, when presented with a motion to dismiss, the court must conclude that the defendants, sued in their individual capacities, are entitled to qualified immunity.  Id.

Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts."  Oladeinde, 963 F.2d 1481, 1485.  "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).  We must also keep in mind the fact that we generally accord official conduct a presumption of legitimacy.  See United States Dep't. Of State v. Ray, 502 U.S. 164, 179 (1991).

## II.   WHETHER MOORE AND FINKLEA ACTED WITHIN THEIR DISCRETIONARY AUTHORITY.

In the instant case, Plaintiff alleges a violation of her Fourth Amendment right to be free from unreasonable search and seizure, her Fifth and Fourteenth Amendment rights to due process, along with her corresponding rights under Article 1, Sections 9 and 12 of the Florida Constitution, and the public policy of §932.704.  Plaintiff claims that Defendant Moore, a FHP trooper, improperly re-seized her vehicle without a warrant, probable cause, or exigent circumstances.  Plaintiff further claims that Defendant Finklea, FHP's assistant general in-house counsel, improperly told Moore to stop Plaintiff's car under the pretext of a traffic stop and re-seize it, regardless of whether he had a warrant, probable cause, or

exigent circumstances to do so.   Plaintiff asserts that her rights were so clearly established that any reasonable government actor in Moore or Finklea's position would have known his/her actions were illegal**.**

Defendants, Moore and Finklea, argue that they acted within their discretionary authority when Plaintiff's vehicle was re-seized and that they did not violate Plaintiff's constitutional rights, thus they are entitled to qualified immunity.

### A.    Moore's Participation.

### 1.    Initial Seizure of Vehicle by Moore.

Plaintiff alleges that: on January 2, 2005, her brother was arrested for driving under the influence of alcohol and driving with a suspended license; her brother was driving her car; her brother told Moore that he was staying with his sister and "just took the car"; after arresting Plaintiff's brother, Moore seized the car pursuant to Fla. Stat. §932.701; and Moore had the car towed to a FHP impound yard, without giving either Plaintiff or her brother a notice of seizure.

Pursuant to Fla. Stat. §322.34, motor vehicles that are driven by a person under the influence of alcohol or drugs are subject to seizure and forfeiture under Fla. Stat. §§932.701-932.707, if at the time of the offense, the person's driver's license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence.  See Fla. Stat. §322.34(9)(a).  Fla. Stat.  §322.34(9) states, in pertinent part:

(a) A motor vehicle that is driven by a person under the influence of alcohol or drugs in violation of s. 316.193 is subject to seizure and forfeiture under ss. 932.701-932.707 and is subject to liens for recovering, towing, or storing

vehicles under s. 713.78 if, at the time of the offense, the person's driver's license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence.

(b) The law enforcement officer shall notify the Department of Highway Safety and Motor Vehicles of any impoundment or seizure for violation of paragraph (a) in accordance with procedures established by the department.

While the underlying police report is not before this Court, Defendant has argued (and Plaintiff has not disputed) that Plaintiff's brother was in fact under the influence of alcohol while driving Plaintiff's vehicle and at the time of the offense Plaintiff's brother was driving with a suspended license, which was apparently suspended as a result of a prior conviction for driving under the influence.  Under these circumstances, Plaintiff's vehicle was subject to seizure and forfeiture proceedings under Fla. Stat. §322.34(9).  Accordingly, Moore's participation in the initial seizure of Plaintiff's vehicle was clearly within his discretionary authority as a Florida Highway Patrol trooper.

### 2.        Re-seizure of Vehicle by Moore.

Plaintiff alleges that: on January 3, 2005, Plaintiff went to the impound yard and paid the towing charge to release her car; on January 12, 2005, Moore staked out Plaintiff's apartment and stopped her car as she was driving off her property and onto a public highway; Moore told Plaintiff that her car had been released by mistake; Moore then re-seized the car and gave Plaintiff a notice of seizure.

Pursuant to Fla. Stat. §932.703(2)(a), a vehicle may be seized at the time of the violation or subsequent to the violation, if the person entitled to notice is notified at the time

of the seizure or by certified mail, return receipt requested, that there is a right to an

adversarial preliminary hearing after the seizure to determine whether probable cause exists

to believe that such property has been or is being used in violation of the Florida Contraband

Forfeiture Act.  Fla. Stat. §932.703(2)(a) states:

> Personal property may be seized at the time of the violation or subsequent to
> the violation, if the person entitled to notice is notified at the time of the
> seizure or by certified mail, return receipt requested, that there is a right to an
> adversarial preliminary hearing after the seizure to determine whether probable
> cause exists to believe that such property has been or is being used in violation
> of the Florida Contraband Forfeiture Act.  Seizing agencies shall make a
> diligent effort to notify the person entitled to notice of the seizure.  Notice
> provided by certified mail must be mailed within 5 working days after the
> seizure and must state that a person entitled to notice may request an
> adversarial preliminary hearing within 15 days after receiving such notice.
> When a post-seizure, adversarial preliminary hearing as provided in this
> section is desired, a request must be made in writing by certified mail, return
> receipt requested, to the seizing agency.  The seizing agency shall set and
> notice the hearing, which must be held within 10 days after the request is
> received or as soon as practicable thereafter.

Accordingly, notice may be provided to a person entitled to receive notice of the seizure

within five working days after the seizure.

As this Court has already noted above, Moore acted within his discretionary authority

when he initially seized Plaintiff's vehicle on January 2, 2005.  According to Plaintiff's

allegations she was able to retrieve her car from the FHP impound yard the following day.

Thus, it appears there would be no reason to send Plaintiff a notice of seizure within 5 days

of January 2, 2005.

However, Plaintiff admits that Moore did give her a notice of seizure, on January 12,

2005, when Moore re-seized Plaintiff's vehicle and explained that the impound yard had

mistakenly released the vehicle. Since Fla. Stat. §932.703(2)(a) allows a vehicle to be seized at the time of the violation or subsequent to the violation, it appears that once again Moore acted within his discretionary authority when he re-seized the vehicle on January 12, 2005. Moreover, Plaintiff admits that Moore gave her a notice of seizure at that time.

For these reasons, the Court concludes that Moore acted within his discretionary authority when he initially seized the vehicle and when he re-seized the vehicle.

### B. Finklea's Participation.

#### 1. Initial Seizure of Vehicle.

Plaintiff has not alleged that Finklea participated or was involved in the initial seizure of the vehicle. Thus, it is not necessary for this Court to determine whether Finklea acted within her discretionary authority in relation to the initial seizure of the vehicle.

#### 2. Re-seizure of Vehicle Upon Advice of Finklea.

Plaintiff alleges that: Finklea told Moore to stop Plaintiff's car under the pre-text of a traffic stop and re-seize it regardless of whether he had a warrant, probable cause, or exigent circumstances to do so; Finklea acted in an investigative capacity to guide the police outside the confines of a judicial setting; Finklea's actions were not taken in good faith and were a gross abuse of her discretion.

As discussed above, Fla. Stat. §932.703(2)(a) allows a vehicle to be seized at the time of the violation or subsequent to the violation. Thus, Florida law supports seizure after the date of the violation. Furthermore, Fla. Stat. §932.703(2)(a) only requires the seizing officer to give a notice of seizure to persons entitled to notice. The officer's "probable cause" would

depend on the circumstances of the initial violation.   There does not appear to be a requirement that the officer have a warrant or court order where the car itself is the contraband.  See Florida v. White, 526 U.S. 559, 565 (1999) (Supreme Court held that Fourth Amendment did not require police to obtain a warrant before seizing an automobile in a public area where the automobile, as opposed to its contents, is the contraband); see also State v. Pomerance, 434 So.2d 329, 330 (Fla. 2d DCA 1983) (the Second District Court of Appeal of Florida held that a warrant is not required under the FCFA to seize a car).

For these reasons, the Court concludes that Finklea acted within her discretionary authority when she advised Moore that he was entitled to re-seize the vehicle.

### C.      Probable Cause Determination Pursuant to Requirements of The Florida Contraband Forfeiture Act, Fla. Stat. §§932.701-932.707.

The Florida Contraband Forfeiture Act (the Act), sections 932.701-932.707, Florida Statutes (2004), makes it unlawful to use personal property as an instrumentality in the commission of any felony.  See In re Forfeiture of 2003 Chevrolet Corvette, Case No. 2D05-5346, 2006 WL 1878985, *1 (Fla. 2d DCA July 7, 2006).  Following a seizure, the person whose property has been seized has the right to request an adversarial preliminary hearing. §932.703(2).

A seizure and forfeiture action requires a two step process.  See Wheeler v. Corbin, 546 So.2d 723, 725 (Fla. 1989).  First, the validity of the seizure depends on the presence of probable cause to believe that the property seized was being used in violation of the Act.  If the officer reasonably believes that the vehicle was being used in violation of the Act, then

the vehicle may be seized.  See id.  Second, the validity of the forfeiture proceedings depend on a finding by the court at an adversarial preliminary hearing (if requested) that the property was in fact being used in violation of the Act.  See id.

In an adversarial preliminary hearing, the seizing agency is required to establish probable cause that the seized property was used during the commission of a felony.  In re Forfeiture of 2003 Chevrolet Corvette at *1.  Section 932.703(2)(c), governing adversarial preliminary hearings, states, in pertinent part:

> When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act.  If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband.

Notably, the Legislature has provided that the trial court's role at an adversarial preliminary hearing is to determine whether there "is" probable cause to believe that a violation of the Act occurred or is occurring, not whether there "was" probable cause to believe that a violation of the Act occurred at the time of seizure.  Beary v. Bruce, 804 So.2d 579, 581 (Fla. 5th DCA 2002).  Additionally, section 932.703(2)(c) unambiguously provides that at an adversarial preliminary hearing, the trial court shall review the verified affidavit and any other supporting documents and take any testimony to determine the issue of probable cause.  See id.  Strictly construing this language supports the conclusion that probable cause is determined in light of the totality of the circumstances at the time of the preliminary hearing, not just the circumstances at the time of the seizure.  Id.  Further, the

question of whether probable cause exists involves "whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred." <u>Department of Highway Safety and Motor Vehicles v. Tarman</u>, 917 So.2d 899, 901 (Fla. 3d DCA 2005), citing <u>Cox v. Department of Highway Safety and Motor Vehicles</u>, 881 So.2d 641 (Fla. 5th DCA 2004).

As with the arrest of a person, the seizure of property under the forfeiture act must be based on probable cause. <u>Wheeler v. Corbin</u>, 546 So.2d 723, 725 (Fla. 1989). In Florida, no forfeiture action can proceed without a judicial determination that probable cause existed to seize the property. <u>See</u> <u>id.</u> As with an arrest, the subsequent determination in the forfeiture proceeding that the property was not in fact being used in violation of the forfeiture act does not retroactively invalidate the seizure itself. <u>Id.</u>, citing <u>Morton v. Gardner</u>, 513 So.2d 725, 729 (Fla. 3rd DCA 1987). The claimant's exclusive avenue of recovery then becomes the forfeiture proceeding itself, where he may prove by a preponderance of the evidence (as Plaintiff did in this case) that the forfeiture statute was not violated. <u>Morton</u> at 728.

Moreover, the purpose of an adversarial preliminary hearing is "to make a de novo determination as to whether probable cause exists to maintain the forfeiture action; and to determine whether continued seizure of the property is the least restrictive means warranted by the circumstances to protect against disposal of the property pending final disposition." <u>Department of Natural Res. v. Forfeiture of One Vessel Described as a 1950, 62 Ft. White De Vries Len Ketch Sailboat</u>, 617 So.2d 773, 774 (Fla. 3d DCA 1993).

It is error for a trial court to state "that the purpose of the preliminary hearing was to determine whether probable cause existed to forfeit certain properties seized by the sheriff." See Beary v. Bruce, 804 So.2d 579, 581.  Rather, the purpose of a preliminary hearing is to determine if probable cause exists "at the time of the hearing in order to enable the sheriff to continue holding the seized property pending its final disposition at a later forfeiture hearing." See id.

The underlying facts in Department of Highway Safety and Motor Vehicles v. Tarman, 917 So.2d 899, 901 (Fla. 3d DCA 2005) are very similar to the allegations in this case.  In Tarman, Tarman admitted that he had a prior conviction for DUI, the he was driving under the influence of alcohol and marijuana, and that he was driving without a valid license.  Given Tarman's admissions, the trooper's testimony and the Department's records which show that Tarman's license had been revoked and had never been reinstated, the Third District Court of Appeal held that the Department had probable cause for the seizure of Tarman's vehicle pursuant to Fla. Stat. §§322.34(9)(a) and 932.701(2)(a)(9).

Likewise, in the instant case, Plaintiff has alleged that her brother was arrested for driving her car while under the influence of alcohol and with a suspended license.  Her brother's actions automatically subject her vehicle to seizure under Fla. Stat. §§322.34(9)(a) and 932.701(2)(a)(9).  The pivotal difference in this case is that Plaintiff was the sole owner of the vehicle - her brother had no legal interest in the vehicle.  Since Plaintiff was the owner of the vehicle, she was entitled to bring the statutory affirmative defense known as the "innocent owner" defense as provided in §932.703(6)(a) which states:

> Property may not be forfeited under the Florida Contraband Forfeiture Act
> unless the seizing agency established by the preponderance of the evidence
> that the owner either knew, or should have known after a reasonable inquiry,
> that the property was being employed or was likely to be employed in criminal
> activity.

The "innocent owner" defense is one of the many factors that a trial court should consider

during an adversarial preliminary hearing.  See Beary, 804 So.2d 579.

For these reasons, the Court concludes that the information relied upon by Moore, and

later by Finklea, is adequate and sufficiently reliable to warrant the belief by a reasonable

person that a violation subjecting the vehicle to seizure under Fla. Stat. §§322.34(9)(a) and

932.701(2)(a)(9) had occurred.

**D.**      **Whether Moore and Finklea Violated Plaintiff's Clearly Established Constitutional Rights.**

Plaintiff alleges that her constitutional rights have been violated as a result of the re-

seizure of her car by Moore upon the advice of Finklea.  Plaintiff repeatedly alleges that the

state trial court found that Moore did not have probable cause to justify forfeiture.  While this

assertion appears to be correct, such fact does not necessarily mean that Plaintiff's

constitutional rights have been violated.

**1.**      **Fourth Amendment.**

Plaintiff's argument that Moore did not have probable cause to seize her vehicle is

misplaced.  Plaintiff's vehicle was subject to seizure by virtue of the fact that it was being

driven by her brother while he operated such vehicle under the influence of alcohol and with

a suspended license.  Notably, Plaintiff has not and cannot assert that Moore lacked probable

cause to pull Plaintiff's brother over for driving under the influence of alcohol with a suspended license.  Rather, Plaintiff asserts that Moore did not have probable cause to "re-seize" her vehicle on January 12, 2005.  As discussed above, Florida law does not require Moore to have independent "probable cause", a court order or a warrant to seize Plaintiff's vehicle subsequent to the DUI violation.  Further, as discussed above, the Court has concluded that Moore and Finklea acted within the boundaries of the applicable statutory law.

### 2.   Due Process.

Presumably, Plaintiff presented evidence at the adversarial preliminary hearing which induced the trial court to find that Plaintiff did not know that her vehicle was being employed or was likely to be employed in criminal activity (i.e. driven by her brother while under the influence of alcohol with a suspended license).  The trial and appellate courts ruled in Plaintiff's favor.  Plaintiff received her day in court, and ultimately, received an award of attorneys fees and costs incurred through the trial court and appellate proceedings pursuant to the provisions of Fla. Stat. §932.704.

The Supreme Court of Florida has held that the FCFA comports with substantive and procedural due process.  See Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991).  The Supreme Court held that due process requires that notice of any seizure or forfeiture be given to the property owner, along with notice of the right to contest a seizure by requesting an adversarial preliminary hearing.  Id. at 966.  The Supreme Court also held that the procedures in place for litigating forfeiture actions contained within the FCFA were

constitutional.  Id.  Likewise, federal due process is not violated when a party has available a meaningful post-deprivation remedy.  Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991).

Thus, neither Plaintiff's due process or Fourth Amendment rights were violated and it would appear that Plaintiff has been awarded costs and attorney's fees pursuant to the relief provided in the FCFA.  As a result, Plaintiff fails to meet her burden of demonstrating that Defendants Moore and Finklea violated her clearly established constitutional rights.

For these reasons, the Court concludes that Moore and Finklea are entitled to qualified immunity and should be dismissed from this action.  Accordingly, Counts I and II are dismissed with prejudice.

## III.    ABSOLUTE IMMUNITY.

In support of Counts III and IV, Plaintiff alleges that: Assistant Attorney General MacMillan[2] and Assistant Attorney General Dietz violated Plaintiff's rights by failing to release Plaintiff's vehicle during the pendency of the forfeiture and appeal proceedings; MacMillan represented FHP in the forfeiture action at issue and Dietz assisted MacMillan.

A prosecutor receives absolute immunity for acts "that are connected with the prosecutor's role in judicial proceedings."  Burns v. Reed, 500 U.S. 478, 494 (1991). Absolute immunity applies in the same fashion to non-prosecuting attorneys who perform functions analogous to a prosecutor, including those who decide to move forward with an

---

[2] From a review of the docket, it does not appear that Yvette MacMillan has been served. Nevertheless, in the interest of efficiency, the Court will address the claims brought against her by Plaintiff in the Amended Complaint.

administrative proceeding.   Butz v. Economou, 438 U.S. 478, 515 (1978).   Absolute immunity applies to the initiation and pursuit of a prosecution, court appearances, in-court activity, preparation and filing of charging documents, and determination that evidence demonstrates probable cause.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002); Kalina v. Fletcher, 522 U.S. 118 (1997).  Absolute immunity also applies in the context of non-criminal proceedings, including forfeiture proceedings. See Amos v. State, Dept. Of Legal Affairs, 666 So.2d 933, 935 (Fla. 2d DCA 1995).

Accordingly, Defendants, Yvette MacMillan (assistant attorney general) and Robert Dietz (assistant attorney general) are entitled to absolute immunity in relation to Plaintiff's civil rights claims; and therefore, Counts III and IV asserted against Defendants MacMillan and Dietz should be dismissed with prejudice.

## IV.   SUPERVISOR LIABILITY.

Plaintiff alleges that: Crist had a duty to protect Plaintiff's constitutional rights; Crist was aware of Moore's, Finklea's, MacMillan's and Dietz's actions, because on March 7, 2005, Plaintiff's counsel sent Crist a letter detailing those actions; Crist failed to order MacMillan, Dietz or Finklea to release Plaintiff's car; Crist's failure to intervene constitutes deliberate indifference to the violations of Plaintiff's statutory and constitutional rights; Plaintiff's rights were so clearly established that any reasonable government actor in his position would have known the car's re-seizure was illegal; Crist's failure to intervene was a gross abuse of his discretion and caused Plaintiff's damages.

Defendant Crist argues that the claim against him should be dismissed because the Amended Complaint fails to state a cause of action for supervisory liability via deliberate indifference, and Plaintiff's failure to establish that her constitutional rights have been violated.  Defendant Crist's argument is well taken.

A three-pronged test is applicable to determine a supervisor's liability: (1) whether, in failing adequately to train and supervise subordinates, he was deliberately indifferent to Plaintiff's rights; (2) whether a reasonable person in the supervisor's position would know that his failure to train and supervise reflected deliberate indifference; and (3) whether his conduct was casually related to the constitutional infringement by his subordinate.  Singleton v. McDougall, 932 F.Supp. 1386 (M.D. Fla. 1996), citing Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990).

Plaintiff has not provided a specific case or statute that places a duty on Crist to intervene in forfeiture proceedings while pending in state court.   Further, Fla. Stat. §932.704(11)(a) specifically places the burden of enforcing compliance with the Florida Contraband Forfeiture Act upon the Department of Law Enforcement, in consultation with the Florida Sheriffs Association and the Florida Police Chiefs Association.   Fla. Stat. §932.704(11)(a) states:

> The Department of Law Enforcement, in consultation with the Florida Sheriffs Association and the Florida Police Chiefs Association, shall develop guidelines and training procedures to be used by state and local law enforcement agencies and state attorneys in implementing the Florida Contraband Forfeiture Act.  Each state or local law enforcement agency that files  civil forfeiture actions under the Florida Contraband Forfeiture Act shall file, by December 31, 1995, a certificate signed by the agency head or his or

her designee, which represents that the agency's policies and procedures are in compliance with the guidelines. Each state or local law enforcement agency that seizes property for the purpose of forfeiture shall periodically review seizures of assets made by the agency's law enforcement officers, settlements, and forfeiture proceedings initiated by the agency, to determine whether such seizures, settlements, and forfeitures comply with the Florida Contraband Forfeiture Act and the guidelines adopted under this subsection. **The determination of whether an agency will file a civil forfeiture action must be the sole responsibility of the head of the agency or his or her designee.** (Emphasis added.)

As discussed above, Plaintiff has failed to establish that her constitutional rights have been violated by Defendants Moore, Finklea, MacMillan or Dietz. Thus, Plaintiff has failed to establish that Crist had actual or constructive notice of unconstitutional practices carried out by his subordinates which triggered his duty to intervene, yet deliberately failed to take such action. Further, it does not appear that state law imposes a duty on Crist to intervene in forfeiture proceedings. Rather, such responsibility is specifically assigned by statute to the head of the seizing agency. Accordingly, Plaintiff has failed to state a cause of action for supervisor liability against Crist in Count V, therefore Count V should be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendants' Crist, Finklea, Dietz, and Moore's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (Dkt. #14) is GRANTED as stated herein.

2.    Plaintiff's Amended Complaint is dismissed in its entirety. Counts I, II, III and IV of the Amended Complaint are dismissed with prejudice. Defendants, Richard Moore and Rosena Finklea, are entitled to qualified immunity from

these proceedings.   Defendants, Yvette MacMillan and Robert Dietz, are entitled to absolute immunity from these proceedings.

3.      Plaintiff shall have thirty (30) days from the date of this Order in which to file a Second Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-598.mt dismiss 14.wpd